IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHELLE SHORES and DANE SHORES Individually and on behalf of their minor son B.S.,<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH HAYASHI; ELIZABETH A. CHAR, M.D.; JANE and/or JOHN DOES 1–25; AND DOE ENTITIES 1–10,<br><br>Defendant. | CIV. NO. 22-00520 JAO-WRP<br><br>ORDER GRANTING DEFENDANT KEITH HAYASHI'S MOTION TO DISMISS THE COMPLAINT, WITH LEAVE TO AMEND |

**ORDER GRANTING DEFENDANT KEITH HAYASHI'S MOTION TO DISMISS THE COMPLAINT, WITH LEAVE TO AMEND**

Sometimes the juice just isn't worth the squeeze. That is particularly true here, where Plaintiffs' counsel intemperately opposes an uncontroversial motion from Defendant Keith Hayashi. In that motion, Defendant Hayashi seeks dismissal of Plaintiffs' Individuals with Disabilities Education Act ("IDEA") Complaint, ECF No. 1, because it was not filed as an "appeal" of the related administrative law decision under 20 U.S.C. § 1415(i)(2) and is, therefore, precluded by that administrative law decision as a matter of res judicata or collateral estoppel. *See*

ECF No. 10 ("Motion to Dismiss" or "Motion").[1]  The Court agrees that Plaintiffs' Complaint does not satisfy the appeal requirements of § 1415(i)(2) and related caselaw.  The Court also agrees that the Complaint is precluded by the related— but not appealed—administrative law decision from the state hearings officer.

Those conclusions are ultimately inconsequential, however, because there are obviously grounds for Plaintiffs to amend their Complaint into an IDEA appeal, or into an IDEA "judicial review," in the words of Plaintiffs' counsel Eric A. Seitz.  In fact, the grounds for amendment are so obvious that defense counsel sought to bypass the motions process by offering to compromise with Mr. Seitz even before filing the Motion.  But Mr. Seitz blatantly rejected the offer to compromise, instead lambasting defense counsel for making "disgraceful and malicious" efforts to deprive Plaintiffs' minor child of his rights under the IDEA. ECF No. 28 ("Opposition") at 7; *see also id.* ("[T]he [M]otion has no merit and should be denied with sanctions.").  Mr. Seitz's character attacks stifled any chance of the parties stipulating to an amendment.

---

[1]  The IDEA is codified at 20 U.S.C. § 1400 et seq. and, in relevant part, "offers federal funds to States in exchange for a commitment:  to furnish a 'free appropriate public education'—more concisely known as a FAPE—to all children with certain physical or intellectual disabilities."  *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017).  "Under the IDEA, an 'individualized education program,' called an IEP for short, serves as the 'primary vehicle' for providing each child with the promised FAPE."  *Id.*

Mr. Seitz sustained his ill-advised campaign at the July 12, 2023 hearing by continuing to object to pleading amendments despite the Court's strong suggestion that amendments were necessary and would be freely given. *See* ECF No. 31. To make matters worse, Mr. Seitz attempted to support his objections with the false assertion that, in the numerous IDEA complaints he had filed over the years, he had never denominated any of them as appeals.

What juice was squeezed out of Mr. Seitz's efforts? He was able to pound the podium on his point that IDEA review is nearly de novo—a point that is clearly explained in caselaw and with which the Court agrees. The costs? The Court GRANTS a Motion (with leave to amend) that should not have been litigated, defense counsel is antagonized, and Mr. Seitz has soiled his credibility.

## I.     BACKGROUND

The administrative law decision was issued on December 2, 2022, by Hearings Officer Chastity T. Imamura of the Office of Dispute Resolution ("ODR"), Department of the Attorney General, State of Hawaiʻi. ECF No. 14-1. The central issue raised by the administrative proceeding litigants—Plaintiff Michelle Shores and the Department of Education, State of Hawaiʻi—was whether the Plaintiffs' minor child should have been placed in a "therapeutic residential treatment facility and/or compensatory education" in accordance with the IEP. *Id.* at 5. The Hearings Officer ultimately found that the placement was not currently

3

required because the child's "mental health issues have prevented [him] from being stabilized long enough to receive educational services" in the first place. *Id.* at 13. The Hearings Officer cited various evidence supporting her finding of intervening mental health conditions, including the child's "reactive attachment disorder" causing "extreme aggression and self-harm" and requiring "near constant supervision and monitoring," "medication," and "use of physical restraints." *Id.* at 5–8.

Plaintiffs filed their Complaint on December 27, 2022, pleading claims under the Rehabilitation Act of 1973, 42 U.S.C. § 1983, and the IDEA. ECF No. 1 at 7. Paragraph 15 of the Complaint references the related administrative law decision: "Plaintiffs . . . requested and obtained a due process hearing in which the hearing officer ruled, in essence, that because [Plaintiffs' minor child] was 'too sick' to benefit from his education the Defendants had not violated any of his rights." *Id.* at 6.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes a court to dismiss a complaint that fails "to state a claim upon which relief can be granted" due to either "the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

699 (9th Cir. 1988)).  The court must accept as true the facts alleged in the complaint and determine whether the complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Courts may consider the affirmative defense of preclusion in an FRCP 12(b)(6) motion but only if that affirmative defense raises no disputed issues of fact.  *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam).

Courts generally do not consider materials beyond the pleadings when deciding FRCP 12(b)(6) motions.  *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Yet, under Federal Rule of Evidence 201(b)(2), a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Thus, a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation and quotation marks omitted); *see also Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of an administrative law decision).

Courts may grant leave to amend pleadings dismissed on FRCP 12(b)(6) motions.  *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018).

The policy of permitting pleading amendments should be applied with "extreme liberality." *Id.* Generally, "a district court should grant leave to amend even if no request to amend the pleading was made." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted). "However, leave to amend need not be granted when any amendment would be an exercise in futility[.]" *Hoang*, 910 F.3d at 1103 (citation and quotation marks omitted).

### III.   DISCUSSION

**A.   The Motion to Dismiss and Preclusion Doctrines**

Although Plaintiffs plead claims under the Rehabilitation Act and 42 U.S.C. § 1983 in addition to their IDEA claim, Mr. Seitz acknowledged at the July 12 hearing that the "gravamen" of Plaintiffs' Complaint is a denial of a FAPE under the IDEA. The Rehabilitation Act and § 1983 claims thus provide an additional array of remedies relative to the IDEA claim but do not offer a separate basis for suit detached from the IDEA's administrative exhaustion requirements. *See Fry*, 580 U.S. at 165 ("Section 1415(l ) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the [Americans with Disabilities Act], the Rehabilitation Act, or similar laws when (but only when) her suit 'seek[s] relief that is also available' under the IDEA. . . . [T]o meet that statutory standard, a suit must seek relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.' . . . [I]n determining whether a suit indeed 'seeks' relief for

such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint."); *Paul G. by & through Steve G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d 1096, 1102 (9th Cir. 2019) (finding failure to exhaust administrative remedies for a Rehabilitation Act claim seeking damages, where "[t]he only basis for such a claim [was] that [a denied FAPE] placement [was] required under the IDEA").

So, with only IDEA contentions in play, the principal dispute between the parties is whether the Complaint sufficiently pleads an IDEA "civil action" "appeal" under 20 U.S.C. § 1415(i)(2)(A).  The Court concludes it does not.

Section 1415 is terse when describing the format of an IDEA "civil action." It specifies only that a party "aggrieved" by a state hearings officer's decision "shall have the right to bring a civil action with respect to the [administrative] complaint presented pursuant to this section, which action may be brought in . . . a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).  Subparagraph (i)(1)(A) does, however, describe the civil action as an "appeal" of the hearings officer's decision.  And Ninth Circuit caselaw confirms that IDEA civil actions have an "appellate flavor."  *E.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1292 (9th Cir. 2006).

Given the "appellate flavor" of an IDEA civil action, the Court concludes that an IDEA action must proceed, at least in part, on the basis of the hearings

officer's decision—not entirely anew, based on allegations that do not challenge the hearings officer's decision.  Otherwise, the Court could not "conduct[] its review of the administrative proceedings with [the] unusual mixture of discretion and deference" required by the IDEA.  *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472 (9th Cir. 1993); *see also id.* ("[W]hen reviewing state administrative decisions, courts must give due weight to judgments of education policy. . . . Therefore, the IDEA does not empower courts to substitute their own notions of sound educational policy for those of the school authorities which they review." (citations and quotation marks omitted)); *Student A by & through Parent A v. S.F. Unified Sch. Dist.*, 9 F.4th 1079, 1084 (9th Cir. 2021) ("We concluded that in the absence of an administrative record, the district court was ill-equipped to determine whether students were receiving a FAPE."  (citation and quotation marks omitted)); *Capistrano Unified Sch. Dist. v. Wartenberg By & Through Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995) ("The requirement that the district court receive the hearings officer's record 'carries with it the implied requirement that due weight shall be given to these proceedings.'"  (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982))).

And to adequately plead an IDEA "civil action" "appeal" based on an underlying administrative decision, an IDEA complainant would need to plainly

reference the underlying decision, assert that the decision is erroneous in some manner, and allege that he or she was "aggrieved" by the decision, § 1415(i)(2)(A). *See* FRCP 8(a)(1) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Issaquah*, 470 F.3d at 1290–91 (holding that IDEA civil actions are governed by the Federal Rules of Civil Procedure).  Plaintiffs fail to do so in their Complaint.  They barely mention the Hearings Officer's decision in a one-sentence summary that lacks a claim of error.  *See* ECF No. 1 at 6 ¶ 15.  The fact that a claim of error could be implied from the remainder of Plaintiffs' Complaint is insufficient under the express pleading requirements of FRCP 8(a).

Without an administrative decision grounding the Complaint, Plaintiffs are left with standalone claims that Defendants violated the IDEA, the Rehabilitation Act, and § 1983.  *See* ECF No. 26 at 5 (Order Denying Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order) (describing Plaintiffs' claims as "standalone claims").  Unsurprisingly, then, Defendant Hayashi asserts that those standalone claims were already litigated in the administrative forum of the ODR and are thus precluded by the ODR Hearings Officer's final decision rejecting those claims.  *See* ECF No. 10 at 11.

Accompanying Hayashi's assertion of res judicata is his Request for Judicial Notice of the ODR decision.  ECF No. 14.  Plaintiffs do not oppose the Request for

Judicial Notice.  ECF No. 28 at 2.  The Court thus grants that Request, ECF No. 14, and takes judicial notice of the ODR decision, ECF No. 14-1.

Preclusion can apply based on matters litigated before an administrative agency if the agency acted in a judicial capacity to resolve the disputed matters. *See Santos v. State, Dep't of Transp., Kauai Div.*, 64 Haw. 648, 653, 646 P.2d 962, 966 (1982).  Claim preclusion requires (1) identical claims, (2) a final judgment on the merits, and (3) privity or same parties, *see Dannenberg v. State*, 139 Hawai'i 39, 59, 383 P.3d 1177, 1197 (2016).  Issue preclusion requires (1) identical issues, (2) a final judgment on the merits, (3) privity or same parties, and (4) the issues were essential components of the final judgment and were actually litigated, *see id.* at 60, 383 P.3d at 1198.  The Court analyzes these elements in order of complexity and finds that the Complaint is precluded by the ODR decision.

Taking the threshold issue first, in issuing her decision, the ODR Hearings Officer acted in a judicial capacity to resolve the parties' disputes over IDEA claims and related facts, *see* ECF No. 14-1 at 2–13 (Hearings Officer describing the procedural history of the proceedings, delineating her findings of fact, and explaining her ultimate conclusions of law), which qualifies her decision as an administrative judgment capable of having preclusive effect, *see Santos*, 64 Haw. at 653, 646 P.2d at 966.  As for whether there is a preclusive effect, the second element of both preclusion doctrines is satisfied because the ODR decision is a

final judgment on the merits.  *See* ECF No. 14-1 at 14 ("The decision issued by this Hearings Officer is a final determination on the merits.").

Turning to the third element, privity or same parties, Plaintiff Michelle Shores litigated in the ODR on behalf of her son, the minor child at issue.  The addition of the minor child's father, Plaintiff Dane Shores, does not defeat the third element because there is privity between Dane and Michelle Shores.  *See Tradewind Ins. Co. v. Stout*, 85 Hawaiʻi 177, 188, 938 P.2d 1196, 1207 (App. 1997) (finding privity where litigation interests "coincide[d]," i.e., where the prior party's "interest would have been served by establishing . . . the same ultimate objective [the current party] apparently hopes to establish in the [current] action"); *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996) ("[Appellant's] grandmother had tremendous incentive in [the prior case] to see the officers severely punished for their actions.  [Appellant] has the same goal in this action.  Although a familial relationship does not necessarily confer privity status, the relationship between [appellant] and her grandmother is sufficient[.]").  Nor is the third element negated by the fact that the Department of Education, State of Hawaiʻi, was named as the respondent in the ODR litigation but not here, because Defendant Hayashi is the responding Defendant in this case and is being sued in his official capacity as the Superintendent of the Department of Education.  *See Kentucky v. Graham*, 473

U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

The first element of both preclusion doctrines—identity of claims or issues—is satisfied, too.  The IDEA claims in both forums, ODR and here, concern the same alleged failure to provide a FAPE.  Even if Plaintiffs' Rehabilitation Act and § 1983 claims formally lack identity with the previously asserted IDEA claim (the ODR cannot adjudicate non-IDEA claims), issue preclusion nonetheless applies via its first and fourth elements:  The Rehabilitation Act and § 1983 claims depend on issues actually litigated in the ODR and essential to the Hearings Officer's judgment.  Mr. Seitz admitted as much at the July 12 hearing by acknowledging that the gravamen of Plaintiffs' Complaint is the failure to provide a FAPE and also by suggesting that the Rehabilitation Act and § 1983 claims are simply means for obtaining damages resulting from the failure to provide a FAPE, an issue that was plainly addressed in the ODR, *see* ECF No. 1 at 7 and ECF No. 28 at 4.

The Court rejects Plaintiffs' argument in their Opposition that the FAPE issues were not actually litigated in the ODR because the Hearings Officer's "ultimate finding [that the minor child was too ill to be placed in a therapeutic facility] was never even raised by any of the parties or their counsel," i.e., "[i]t was never argued in the administrative hearing."  ECF No. 28 at 6–7.  Courts

commonly settle disputed issues using reasoning supported by the evidence but not specifically argued by the parties.  That is the nature of judicial decision-making, where the parties raise issues and offer evidence, and the courts decide the issues based on the evidence but not necessarily using the exact analytical paths sketched out by the parties.  *See, e.g.*, *Garcia v. Mickey Fine Enters., Inc.*, 2022 WL 2168886, at *6 (C.D. Cal. Jan. 7, 2022); *cf. Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003) ("We may affirm a district court's judgment on any ground supported by the record, whether or not the decision of the district court relied on the same grounds or reasoning we adopt.").

In any event, the Hearings Officer actually did decide the central issue raised by the parties:  whether the minor child should have been placed in a therapeutic residential treatment facility and/or compensatory education in accordance with the IEP.  ECF No. 14-1 at 5.  The Hearings Officer answered that question in the negative, finding that placement was not currently required because the child's mental health condition needed intervening medical stabilization, *id.* at 13.  While Plaintiffs do contend that the Hearings Officer's finding lacks supporting evidence, that contention must be raised in a civil action appeal of the Hearings Officer's decision, which Plaintiffs presently fail to do, for the reasons discussed above.

In sum, the Complaint is claim precluded and issue precluded by the final judgment on the proceedings in the ODR.  The Court thus dismisses the

Complaint.  That dismissal is with leave to amend, however, despite Plaintiffs

failing to request leave to amend in their Opposition and at the July 12 hearing.

Plaintiffs amending their Complaint into an IDEA "civil action" "appeal" is not a

futile endeavor, because that amendment would relate back to the original

Complaint such that the original Complaint's filing date would still satisfy the

IDEA statute of limitations, 20 U.S.C. § 1415(i)(2)(B).  *See* FRCP 15(c)(1)(B).

**B.    Mr. Seitz's Conduct**

As just demonstrated, deciding Defendant Hayashi's Motion was not a very

complicated task:  Plaintiffs' counsel, Mr. Seitz, apparently intended to seek

judicial review of the ODR decision while minimizing the already limited

deference to that decision by playing it down in the Complaint.  Unfortunately for

his client Plaintiffs, Mr. Seitz's strategy backfired, as the Complaint didn't include

enough allegations concerning the ODR decision to constitute a "civil action"

"appeal" of that decision under 20 U.S.C. § 1415(i).  And absent an "appeal"

lineage, the Complaint was predictably precluded by the judgment in the very

ODR proceedings Mr. Seitz sought to appeal.  No harm no foul, though, because

leave to amend was the simple solution.

The problem is that Mr. Seitz made that solution not so simple.  He thwarted

defense counsel's efforts to compromise even before the Motion, rebuking

counsel's advocacy as a disgraceful and malicious ploy to deprive his clients' rights.

Adding insult to injury, Mr. Seitz continued to resist leave to amend at the July 12 hearing even after the Court indicated that leave to amend was necessary. And he did so by falsely representing to the Court that he had never denominated any of his prior IDEA complaints as appeals.

That representation is false because, as the Court explained during the hearing, Mr. Seitz has styled or "denominated" prior IDEA complaints as appeals. For example, in *Case H. by & through Kristen H. v. Department of Education*, No. CV 18-00072 LEK-KSC, ECF No. 1 (D. Haw. filed Feb. 26, 2018), Mr. Seitz pled that his clients had been "aggrieved by the [IDEA] Decision issued on February 21, 2018 in DOE-SY1314-011[,] which is a final order within the ambit of 20 U.S.C. § 1415(i)(2)," and requested "review and reversal of the Decision limited to the issue of remedy." *Id.* at 3–5. Mr. Seitz further pled that "[t]he Decision is erroneous as to the denial of remedy sought, as a matter of law, and is unsupported by sufficient evidence," and he specifically prayed that the court "vacate and reverse the Hearings Officer's [remedies] Decision" and award "additional relief as the Court deems appropriate," including for a claim under "Section 504 of the Rehabilitation Act of 1973." *Id.*

Mr. Seitz's false representation may have violated Hawaiʻi Rule of

Professional Conduct ("HRPC") 3.3, which prohibits a lawyer from "knowingly"

"mak[ing] a false statement of material fact or law to a tribunal," as well as HRPC

8.4(c), which prohibits a lawyer from "engag[ing] in conduct involving

dishonesty[.]"  Mr. Seitz might contend that he should not be expected to recount

with perfect accuracy his decades of litigation experience.  But the Court did not

put counsel on the spot and require him to instantly recount his prior IDEA cases.

It was counsel—not the Court—who raised pleadings in prior IDEA cases as

support for the argument that the Complaint in this case should not include

allegations sounding in appeal.  Even if Mr. Seitz unintentionally misremembered

his prior litigation experience, he should have at least qualified his historical

assertion with, "your Honor, I believe that in my prior IDEA cases, . . . ."  Or even

better, he could have researched his prior IDEA cases before appearing at the July

12 hearing.  That's exactly what the Court did, and it was able to find complaints

in *Case H.* and other of his cases within a matter of minutes.

In an ironic twist of fate, Mr. Seitz brazenly requests sanctions against

defense counsel in his Opposition (based on the purportedly "disgraceful and

malicious" motions practice), ECF No. 28 at 7, when Mr. Seitz, in fact, is the more

appropriate target for sanctions.  Although FRCP 11 does not permit sanctions for

oral misrepresentations, courts have inherent authority to impose sanctions for oral

misrepresentations when there is a court finding that "counsel's conduct constituted or was tantamount to bad faith."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).  The Court will not, however, make such a finding, as it is not clear the violation was committed in bad faith.

But the Court will not forget Mr. Seitz's misrepresentation.  Should he commit a similar mistake in a future case, the Court will be less lenient in its consideration of sanctions.

///

///

///

///

///

///

///

///

///

///

///

///

///

# IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendant Hayashi's Request for Judicial Notice, ECF No. 14, and Motion to Dismiss, ECF No. 10.  The Court DISMISSES all claims against Defendant Hayashi with leave to amend.  If Plaintiffs elect to file an amended complaint curing the pleading deficiencies identified above, they must do so by **August 25, 2023**.  Because those deficiencies are wholly applicable to the claims pending against the non-moving Defendants (Elizabeth A. Char, M.D., and Doe Defendants), the Court also DISMISSES those claims with leave to amend.  *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (explaining sua sponte dismissal).

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 25, 2023.



Jill A. Otake
United States District Judge

CIV. NO. 22-00520 JAO-WRP, *Shores et al. v. Hayashi et al.*; Order Granting Defendant Keith Hayashi's Motion to Dismiss the Complaint, with Leave to Amend